Filed 2/16/17  Certified for publication 3/7/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CITY OF CRESCENT CITY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SARVADA NAND HANUMANTHU REDDY, as Trustee, etc.,<br><br>        Defendant and Appellant. | A143640<br><br>(Del Norte County<br>Super. Ct. No. CVUJ13-1245) |

Defendant Sarvada Nand Hanumanthu Reddy is the beneficial owner of a motel in Crescent City (the city).  In 2013, the city served on Reddy a notice and order to cure various building code violations at the motel.  Later that year, after the necessary repairs were not made, Reddy entered into a stipulated judgment in which he committed to cure a number of specified violations within six months.  When Reddy again failed to comply, the city filed a successful motion for the appointment of a receiver to oversee compliance.

Reddy contends the trial court (1) erred in overruling his objections to the city's evidentiary submissions, (2) erred in failing to take live testimony, and (3) abused its discretion in appointing a receiver.  We find no merit in these arguments and affirm the trial court's order.[1]

---

[1] Our affirmance of the trial court's order effectively moots the city's motion to dismiss, which we deferred for decision on the merits.  We therefore deny the motion.

BACKGROUND

The Townhouse Motel (property), a building located in the city and owned by a trust for which Reddy serves as trustee, first became a subject of code enforcement efforts in 2006. Between that year and 2013, the city repeatedly ordered Reddy to abate dangerous conditions on the property through letters and notices of violations, to little effect. In May 2013, following a thorough inspection, the city issued a Notice and Order to Repair or Abate listing 76 building code violations and other illegal conditions and ordering Reddy to rehabilitate the property within 30 days. After a subsequent inspection found that Reddy had not made the required repairs, the city filed a lawsuit in July 2013.

On stipulation of the parties, in November 2013 the trial court entered a judgment requiring Reddy to upgrade the property in various ways within six months and to cease renting rooms to the same occupant for more than 30 days. The judgment required repairs to the roof and sign, clean up throughout the property, and correction of specific conditions in 17 different rooms.

Nearly a year later, the city inspected the property and found little or no improvement. Among other substandard conditions, city inspectors found exposed electric wiring, leaking plumbing, broken windows and holes in the walls, moldy and filthy conditions in many rooms, water damage to the foundation, a dilapidated roof, lack of proper weather protection, and junk and trash throughout the grounds. The inspectors concluded that "conditions on the [property] pose a substantial danger to the life, limb, health, and safety of the occupants of the motel, the residents of the surrounding community, and the public in general."

Based on the foregoing circumstances, in October 2014, the city filed a motion for the appointment of a receiver to oversee rehabilitation of the property in compliance with the trial court's judgment. The motion was accompanied by declarations of a city building inspector and a city code enforcement officer that detailed the various code violations and attached pictures of the dangerous conditions.

In opposition, Reddy filed declarations from himself, the property's manager, and a general contractor. The contractor stated that he had repaired substandard conditions in

2

the property framing and walls, replaced windows, and performed work to prevent further water damage. He inspected the property after the filing of the city's motion and disputed many of the city inspectors' findings, primarily their concerns about the property's structural soundness. Although he found three of the rooms to be uninhabitable, he concluded the remaining rooms were "clean, neat and appear sanitary." The property manager addressed the city's contentions point-by-point, denying the presence of exposed electrical wiring, leaking plumbing, water damage, a leaky roof, and unsanitary conditions in the rooms, as well as other conditions. Reddy's declaration detailed his extensive efforts to bring the property into compliance with the requirements of the judgment.

In reply, the city submitted supplemental declarations by the inspector and code enforcement officer. Both had inspected the property after the filing of Reddy's opposition papers and found that the code violations they had originally observed had not been cured. They concluded Reddy "has done little or nothing to comply and anything he has historically done has been unpermitted and substandard." Shortly before the hearing on the motion, both parties filed a series of evidentiary objections to various statements in their opponents' declarations.

At the outset of the hearing, the trial court noted the parties' evidentiary objections and held that "generally those objections go to the weight to be given to the evidence, not to its admissibility, so I've read and considered each of the pleadings filed." During the hearing, Reddy's counsel requested, for the first time, "having an evidentiary hearing on this. It would probably take about a day of the court's time." The court did not expressly rule on the request. Reddy's attorney then guided the court through a painstaking examination of Reddy's response to the various violations claimed by the city, arguing that the items included in the judgment had been addressed. Nonetheless, the court concluded that Reddy had not complied with the judgment and found that there was no feasible alternative to the appointment of a receiver to oversee compliance. In a written order filed the same day, the court made detailed findings and appointed a receiver,

3

limiting the receiver's role to developing a plan for rehabilitation and implementing the plan once it had been approved.

DISCUSSION

Reddy contends the trial court abused its discretion in (1) overruling his evidentiary objections, (2) failing to conduct an evidentiary hearing, and (3) appointing a receiver.

**A. Reddy's Evidentiary Objections.**

As noted above, the trial court effectively overruled both parties' objections, concluding that they "go to the weight to be given to the evidence, not to its admissibility," and considered all of the evidence submitted.

We find Reddy's challenge to the trial court's evidentiary rulings to be forfeited. If a party contends that an evidentiary objection was improperly overruled by the trial court, the party must identify the specific objection, provide legal argument explaining why the trial court's ruling was in error, and support that argument with citation to pertinent legal authority. (*Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1074 (*Salas*).) Rather than address the propriety of any of his specific objections, Reddy simply "ask[s] this court to rule on each of these objections as should have been done by the trial court[,]" essentially seeking de novo review of his evidentiary objections.

Under similar circumstances, the *Salas* court held that the appellants' challenge to the trial court's evidentiary rulings was forfeited by their failure separately to identify and discuss individual evidentiary objections. In that case, the trial court had sustained objections to most of the appellants' evidence. (*Salas, supra,* 198 Cal.App.4th at p. 1073.) Although the appellants disputed those rulings in general, they did not separately discuss specific objections. In finding the appellate claims forfeited, the court explained: "It is appellant's 'burden on appeal to affirmatively challenge the trial court's evidentiary ruling, and demonstrate the court's error.'. . . [¶] . . . Plaintiffs make no attempt to demonstrate how each evidentiary ruling was erroneous. They have not specified the evidentiary objections to which their cursory argument is addressed, nor

4

have they discussed the multiple grounds on which each objection was sustained. . . . In arguing only generalities, plaintiffs' briefs do not contain 'argument and citations to authority as to why the trial court's evidentiary rulings were wrong.' [Citation.] 'We are not required to search the record to ascertain whether it contains support for [plaintiffs'] contentions.' " (*Id.* at p. 1074; see similarly *Ramos v. Westlake Services LLC* (2015) 242 Cal.App.4th 674, 684 [challenge to evidentiary rulings waived by failure to cite legal authority]; *Villaneuva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1198 [same].) In the same way, we decline to examine the multitude of objections filed by Reddy in a search for the meritorious. By failing to present legal argument with respect to individual objections, Reddy forfeited any challenge to the trial court's evidentiary rulings.

In any event, a cursory review of Reddy's objections suggests the trial court's ruling was appropriate. Reddy's first objection, for example, contends that the city inspector's statement that he had visited the property "multiple times" lacks foundation because in a prior declaration the inspector said he had inspected the property only twice. Plainly, while the inspector's statement may have been false, it did not lack foundation; the inspector was in position to testify about his own activities. The evidentiary objection was therefore without merit, if not frivolous. We reviewed many of Reddy's other objections and found a similar pattern. While the objections are phrased as objections and purport to be based on evidentiary grounds, they are not truly evidentiary objections. Instead, the purported objections are merely a premise for arguing with the conclusions stated in the city's declarations. Based on this review, we find no reason to doubt the trial court's conclusion that the objections, such as they are, go to the weight to be given the declarations, not their admissibility.

## B. The Failure To Hear Live Testimony.

At the hearing on the motion, Reddy's counsel suggested for the first time that the trial court should take live testimony. Reddy contends the court erred in ignoring that request.

The trial court properly disregarded Reddy's request to present live testimony because Reddy failed to follow proper procedures for seeking leave to present such

5

testimony. A motion for the appointment of a receiver is expressly classified as a "law and motion" proceeding under California Rules of Court, rule 3.1103, subdivision (a)(2). Under rule 3.1306, "Evidence received at a law and motion hearing must be by declaration or request for judicial notice without testimony or cross-examination, unless the court orders otherwise for good cause shown." (*Id.*, subd. (a).) While a party may apply for leave to introduce live testimony at a law and motion hearing, such an application must be made in writing "no later than three court days before the hearing" and must state "the nature and extent of the evidence proposed to be introduced." (Cal. Rules of Court, rule 3.1306, subd. (b).) Reddy's request at the hearing failed to comply with this rule because (1) it was not made three days in advance of the hearing, (2) it was not made in writing, and (3) it did not specify precisely what testimony Reddy sought to present. Because Reddy failed to comply with the requirements for requesting live testimony at a law and motion hearing, the trial court did not err in denying the request. (*Silver v. Los Angeles County Metropolitan Transportation Authority* (2000) 79 Cal.App.4th 338, 352.)

Even if Reddy had complied with the Rules of Court in requesting a live hearing, we would have no hesitation in affirming the trial court's decision not to take oral testimony. It seems clear from counsel's application that Reddy sought simply to present as live testimony the evidence already in the record in written form. In these circumstances, that would have been of little assistance to the trial court in ruling on the city's motion.

### C. The Appointment of a Receiver.

The city sought the appointment of a receiver under both Code of Civil Procedure section 564, subdivision (b)(3), which authorizes the appointment of a receiver "[a]fter judgment, to carry the judgment into effect," and Health and Safety Code section 17980.7, subdivision (c), which authorizes the appointment of a receiver if a building owner fails to correct conditions in a substandard building following notice and a reasonable time for compliance. Reddy contends the trial court abused its discretion in appointing a receiver under these statutes.

The Supreme Court considered the appointment of a receiver under section 17980.7 in *City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905 (*Gonzalez*). As explained in *Gonzalez*, when a building is maintained in a manner that violates state or local building maintenance regulations and "the violations are so extensive and of such a nature that the health and safety of residents or the public is substantially endangered" (Health & Saf. Code, § 17980.6), the local enforcement agency may issue a notice and order requiring repair or abatement of the unlawful conditions. (*Gonzalez*, *supra,* 43 Cal.4th at pp. 919-920.) If the owner of the building thereafter fails to comply with the notice and order in a reasonable period of time, the enforcement agency can seek an order from the trial court appointing a receiver to oversee compliance. (*Id.* at p. 921.)

We review an order appointing a receiver for abuse of discretion. (*City and County of San Francisco v. Daley* (1993) 16 Cal.App.4th 734, 744 (*Daley*).) An abuse of discretion is demonstrated if the court's decision was not supported by substantial evidence or the court applied an improper legal standard or otherwise based its determination on an error of law. (*McGuire v. Employment Development Dept.* (2012) 208 Cal.App.4th 1035, 1041.) "As to factual issues, 'we determine whether the record provides substantial evidence supporting the trial court's factual findings. [Citation.] Applying the substantial evidence test on appeal, we may not reweigh the evidence, but consider that evidence in the light most favorable to the trial court, indulging in every reasonable inference in favor of the trial court's findings and resolving all conflicts in its favor. [Citations.] The question on appeal is whether the evidence reveals substantial support—contradicted or uncontradicted—for the trial court's conclusion that the weight of the evidence supports the commission's findings of fact. [Citation.] We uphold the trial court's findings unless they so lack evidentiary support that they are unreasonable.' " (*Richardson v. City and County of San Francisco Police Com.* (2013) 214 Cal.App.4th 671, 692 (*Richardson*).)

We find no abuse of discretion in the trial court's appointment of a receiver under section 17980.7. In May 2013, the city issued a notice and order pursuant to section 17908.6, listing 76 separate code violations found by the city. The notice and order

7

appears on its face to comply with the statutory requirements, and Reddy does not contend otherwise. Although the notice and order required the abatement to be completed within 30 days, the city did not actually seek appointment of receiver until eighteen months later, after entry of the judgment requiring compliance. This is unquestionably a reasonable time within which to bring the property into compliance. Evidence of the existence of code violations is found throughout the declarations of the inspector and code enforcement officer, and both of them opined that the conditions posed a threat to the health and safety of the occupants and the public in general. The trial court was entitled to rely on this evidence and these opinions, which constitute substantial evidence to support the findings necessary for the appointment of a receiver under section 17980.7.

Reddy's argument for an abuse of discretion cites the declarations he submitted in opposition to the motion and argues they demonstrate that no dangerous condition existed. The argument is made in disregard of our substantial evidence standard of review, which precludes us from reweighing the evidence presented to the trial court. The trial court in this case carefully examined the declarations submitted by the parties and concluded circumstances on the property justified the appointment of a receiver. As noted above, the declarations of the city employees fully support that conclusion. We have no authority to look behind the city's declarations to evaluate the respective value of the parties' evidence. At most, Reddy's evidence contradicted that of the city employees, but the contradiction did not prevent the employees' declarations from constituting substantial evidence to support the trial court's order. (*Richardson*, *supra*, 214 Cal.App.4th at p. 692.)

Reddy also contends that a receiver should not be appointed if a less drastic remedy is available. While there is some authority to support this position when a receiver is appointed for other purposes, section 17980.7 contains no such requirement. The Legislature presumably concluded that uncorrected substandard building conditions present a sufficient danger to justify appointment of a receiver without regard to less invasive alternatives. (See *Gonzalez*, *supra,* 43 Cal.4th at pp. 925-926 [legislative history

8

of section 17980.6 "discloses the Legislature's substantial concern over the 'inadequate enforcement of State Building Codes in regard to substandard housing' and its intent to provide 'new enforcement measures to rehabilitate and maintain existing housing that currently endangers the health and safety of residents or the public' "].)

In his reply brief, Reddy contends the trial court erred in failing to visit the property and in failing to make an express finding that the property was substantially dangerous. Reddy cites no authority requiring a trial court personally to visit real property prior to appointing a receiver, and we are aware of none. On the contrary, the court was permitted to rely on the evidence before it in making that determination. (Cal. Rules of Court, rule 3.1306(a).) Nor does section 17980.7 require the court to make an express finding of danger prior to appointing a receiver. In the absence of such a requirement, we infer the findings necessary to support the court's decision. (*Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 272 [" ' "[j]udgments and orders of the lower courts are presumed to be correct on appeal. [Citation.]" [Citation.] "We imply all findings necessary to support the judgment, and our review is limited to whether there is substantial evidence in the record to support these implied findings" ' "].)

As noted, the city also sought appointment of a receiver under Code of Civil Procedure section 564, subdivision (b)(3). Because we find the trial court's order supported by section 17980.7, we need not consider its propriety under section 564.

**D. Attorney's Fees.**

The city argues it is entitled to attorney's fees on appeal, either under Health and Safety Code section 17980.7, subdivision (c)(11) or as a sanction for a frivolous appeal. Because the city has not followed proper procedures for seeking an award of appellate attorney's fees as a sanction, we decline the request for sanctions. (See Cal. Rules of Court, rule 8.276(a)(3).) Further, a statutory award of attorney's fees incurred on appeal should be sought in the first instance in the trial court. (See Cal. Rules of Court, rule 3.1702; *Epic Medical Management, LLC v. Paquette* (2015) 244 Cal.App.4th 504, 519, fn. 10.) We therefore deny the city's request for attorney's fees without prejudice.

9

## DISPOSITION

The order of the trial court appointing a receiver is affirmed.  The city may recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

 

_____

REARDON, P. J.

We concur:

_____

RIVERA, J.

_____

STREETER, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CITY OF CRESCENT CITY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SARVADA NAND HANUMANTHU REDDY, as Trustee etc.,<br><br>    Defendant and Appellant. | A143640<br><br>(Del Norte County<br>Super. Ct. No. CVUJ13-1245) |

    BY THE COURT:


    The written opinion which was filed on February 16, 2017, has now been certified for publication pursuant to rule 8.1005(b) of the Califörnia Rules of Court, and it is ordered published in the official reports.


MAR – 7 2017

REARDON, ACTING P.J.

_____ P.J.


1

Trial Court:                     Del Norte County Superior Court


Trial Judge:                     Hon. Chris Doehle


Counsel for Defendant and        Law Office of Bradford C. Floyd
Appellant:


Counsel for Plaintiffs and       Silver & Wright
Respondents:                     Matthew Raymond Silver
                                 Ruthann Marie Elder
                                 Robert Norris Black