Filed 12/13/19; Certified for Partial Pub. 12/19/19 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CITY OF DESERT HOT SPRINGS, | |
| Plaintiff and Appellant, | E071694 |
| v. | (Super.Ct.No. PSC1802698) |
| IRENE VALENTI et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. David M. Chapman, Judge. Reversed with directions.

Gustavo LaManna; Stream Kim Hicks Wrage & Alfaro and Tuan-Anh D. Vu for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

1

The City of Desert Hot Springs (the City) tried to abate a public nuisance by serving the owner of a dilapidated hotel/motel with notice that it was required to correct numerous building and safety violations. When the owner failed to timely correct the violations or apply for a permit to raze the building, the City filed a complaint in the superior court for a declaration that the building constituted a nuisance and, pursuant to Health and Safety Code section 17980.7, subdivision (c) (Stats. 2012, ch. 201, § 3; hereafter section 17980.7(c)), requested the appointment of a receiver to oversee the building's rehabilitation. Before it appoints a receiver under that statute, the court must determine (1) whether the owner of the property received constitutionally adequate notice and an opportunity to correct the health and safety violations within a reasonable amount of time, and (2) whether the person nominated to be appointed as a receiver has the capacity and expertise to develop and supervise a viable financial and construction plan for the rehabilitation of the property.

Instead of addressing the notice and opportunity given to the owner of the hotel/motel and the proposed receiver's qualifications, however, the trial court here questioned the viability of the proposed receiver's financial and construction plan. And, having concluded the plan made no economic sense because the value of the property after its rehabilitation would not exceed the costs of rehabilitation plus the additional costs associated with appointment of a receiver, the court denied the City's request and subsequently dismissed the action. The City appeals, arguing the court exceeded its authority under section 17980.7(c). We agree. Therefore, we reverse the judgment and remand for the trial court to reconsider the City's request for appointment of a receiver.

2

I.

PROCEDURAL BACKGROUND[1]

The City filed its complaint for nuisance abatement against Irene Valenti, trustee of the I.V. Private Trust dated 04/04/04 (the trustee),[2] alleging a five-unit hotel/motel the trust owned constituted a public nuisance. Inter alia, the City prayed for (1) a declaration that the property was a public nuisance per se, (2) an order abating the public nuisance, and (3) appointment of a receiver pursuant to section 17980.7(c) to take control of and rehabilitate the property. Thereafter, the City filed a noticed motion requesting the court appoint GS Strategies as the receiver, with Kevin Randolph as its representative. The City argued it had satisfied the requirements for appointment of a receiver because it had given the trust adequate notice of the alleged violations that needed to be repaired and, although the trust had been afforded the opportunity to correct the violations within a reasonable amount of time, the violations persisted, and the property constituted a public nuisance. In addition, the City argued Randolph was qualified to act as receiver. In his declaration in support of the motion, Randolph stated he had been appointed by several California courts as a receiver in more than 125 nuisance abatement cases. (See, e.g.,

---

[1] The facts of the alleged nuisance are irrelevant to the limited issue on appeal, so they need not be repeated here.

[2] The complaint also named MKI-Valenti, LLC, as a defendant, alleging the limited liability corporation was a mortgagee on a mortgage recorded against the property, and named the Department of Environmental Health of the County of Riverside (the Department) as a defendant because of a lis pendens recorded against the property for an administrative proceeding. MKI-Valenti filed a disclaimer of interest in the property, and the City dismissed the Department without prejudice.

*City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 675.)  The City also submitted estimates of the costs to rehabilitate the property and the expected return from a sale of the property after it was rehabilitated.

In its tentative ruling, the trial court indicated an appearance at the hearing was necessary because the City had not submitted "a meaningful rehabilitation plan, including proper construction bids and real estate appraisals in order to determine that the rehabilitation is a viable option."  At the hearing, the court continued the matter and requested the City file a supplemental brief.  The City filed a supplemental brief, and Randolph submitted an additional declaration that set forth his construction plan.

Prior to the continued hearing, the trial court issued a tentative ruling denying the motion because the City's "supplemental briefing fails to offer any evidence that the rehabilitation is financially viable."  During the hearing, the court indicated its belief that the costs of rehabilitating the property, plus the costs associated with the appointment of a receiver, would exceed the eventual sale value, so the option of repairing the property instead of selling it to an investor was "just not a viable plan."  The court stated, "I just don't believe that it's a property that's capable of being rehabilitated economically."  After hearing additional arguments, the court denied the City's motion without prejudice.

The City timely filed a notice of appeal from the order denying its motion. Thereafter, the court entered a judgment dismissing the action without prejudice.

## II.

## DISCUSSION

A.      *Appealability*.

In its brief, the City acknowledges there is some doubt whether an interim order denying a request to appoint a receiver is appealable.  "[A]n order *appointing* a receiver" is expressly made appealable.  (Code Civ. Proc., § 904.1, subd. (a)(7), italics added; see *id*., § 904.2, subd. (h) [order "appointing a receiver" in a limited civil case is appealable].)  Because "[a]n order *refusing* to appoint is not mentioned in the statute," the extant authority suggests it "should be held nonappealable."[3]  (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 177, p. 254, italics added; see *City and County of San Francisco v. Shers* (1995) 38 Cal.App.4th 1831, 1836 [citing 9 Witkin Cal. Procedure (3d ed. 1985) Appeal, § 99, p. 119, for proposition that order refusing to appoint receiver is not appealable]; *Conaway v. Conaway* (1963) 218 Cal.App.2d 427, 428 & fn. 1 ["it is questionable whether the order [denying a request to appoint a receiver] is appealable"].)

_____

[3]  In contrast, an order "refusing to discharge an attachment" and an order "refusing to grant or dissolve an injunction" are expressly made appealable.  (Code Civ. Proc., §§ 904.1, subd. (a)(5)-(6) [unlimited civil cases], 904.2, subds. (f)-(g) [limited civil cases].)  In addition, in an unlimited civil case, an order "refusing to change the place of trial" is separately appealable.  (Code Civ. Proc., § 904.2, subd. (c).)

We need not decide whether the order denying the City's request for appointment of a receiver is separately appealable. As noted *ante*, the trial court thereafter signed a written judgment dismissing the proceeding without prejudice. Therefore, we may review the interim order on appeal from the final judgment.[4] (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1), 906; see Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2018) ¶ 2:136, p. 2-86, ¶ 2:261, p. 2-161.) We deem the City's prematurely filed notice of appeal to have been timely filed from the subsequent judgment of dismissal. (Cal. Rules of Court, rule 8.104(d); see *Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1283.)

B.      *The Court Exceeded the Scope of Its Authority Under Section 17980.7*(c).

The City contends the trial court erred by denying the motion for appointment of a receiver because it failed to address the requirements set forth in section 17980.7(c), and the court exceeded its authority by addressing the financial viability of the rehabilitation project.[5] We agree.

---

[4] At oral argument, the City asked that we squarely address the question of whether an order refusing to appoint a receiver is separately appealable. But because we have already concluded we may review the interim order denying the City's motion on appeal from the final judgment of dismissal, additional discussion of appealability will be unnecessary dictum. Therefore, we decline the City's request. (See *Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249, 260 [declining to address in dictum application of inapplicable statute].)

[5] The trustee did not file a respondent's brief. Therefore, we "may decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).) "Nonetheless, [the City] still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed,' and we 'examine the record and reverse only if prejudicial error is found.'" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.)

6

"The appointment of a receiver rests within the discretion of the trial court." (*Gold v. Gold* (2003) 114 Cal.App.4th 791, 807.)  An order on a request for appointment of a receiver "will be reversed on appeal if there is a clear showing of an abuse of discretion." (*Ibid*.)  "An abuse of discretion is demonstrated if the court's decision was not supported by substantial evidence or the court *applied an improper legal standard* or otherwise based its determination on an error of law." (*City of Crescent City v. Reddy* (2017) 9 Cal.App.5th 458, 466, italics added.)

Our determination of the proper scope of the trial court's authority and inquiry under section 17980.7(c) is a matter of statutory construction we review de novo.  (*City and County of San Francisco v. Jen* (2005) 135 Cal.App.4th 305, 310.)  "The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.  [Citation.]  'We begin by examining the statutory language, giving the words their usual and ordinary meaning.  [Citation.]  If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.  [Citation.]  If, however, the statutory terms are ambiguous, then we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.  [Citation.]  In such circumstances, we "'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.'"'" (*Ibid*.)

7

"As explained in [*City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905], when a building is maintained in a manner that violates state or local building maintenance regulations and 'the violations are so extensive and of such a nature that the health and safety of residents or the public is substantially endangered' (Health & Saf. Code, § 17980.6), the local enforcement agency may issue a notice and order requiring repair or abatement of the unlawful conditions. (*Gonzalez*, *supra*, 43 Cal.4th at pp. 919-920.) If the owner of the building thereafter fails to comply with the notice and order in a reasonable period of time, the enforcement agency can seek an order from the trial court appointing a receiver to oversee compliance. (*Id*. at p. 921.)" (*City of Crescent City v. Reddy*, *supra*, 9 Cal.App.5th at pp. 465-466; see § 17980.7(c).)

Section 17980.7(c) has 15 subparagraphs, but only the first two address what the trial court must consider before appointing a receiver.[6] First, "the court shall consider whether the owner has been afforded a reasonable opportunity to correct the conditions cited in the notice of violation." (§ 17980.7(c)(1).) And last, "[t]he court shall not appoint any person as a receiver unless the person has demonstrated to the court his or her capacity and expertise to develop and supervise a viable financial construction plan for the satisfactory rehabilitation of the building."[7] (*Id*., subd. (c)(2).)

---

[6] The remaining 13 subparagraphs mostly address a receiver's duties and powers. (See § 17980.7(c)(3)-(15).)

[7] In addition, section 17980.7(c)(2) provides that the court may appoint a nonprofit organization or community development corporation as a receiver, and it authorizes the organization or corporation to apply for grants to help pay for the rehabilitation of the building.

8

In its order denying the City's request for appointment of a receiver, the trial court did not say it concluded the owner of the property was not given adequate notice and a reasonable opportunity to repair the building. Nor did the court say it concluded the proposed receiver lacked the expertise or capacity to develop and supervise a financially viable plan to rehabilitate the property. Instead, the court concluded the City had not presented any evidence that the *plan itself* was financially viable. "The margin on such a relatively small project, according to even a cursory estimate, . . . is small. Without a detailed, factually supported plan that shows the property can be rehabilitated without costing more than it can be sold for, the court cannot make the determination that rehabilitation is financially viable. Such a plan must necessarily begin with a construction plan/estimate. Without a detailed construction plan, it is not possible to determine the construction costs or value of the property post rehabilitation."

As indicated, *ante*, section 17980.7(c)(2) requires the trial court to inquire into the proposed receiver's *capacity* and *expertise* to develop and supervise a financially viable plan. That subparagraph merely addresses the receiver's *qualifications*. (See 7 Miller & Starr, Cal. Real Estate (4th ed. 2018) § 25:52, p. 25-245; Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2018) ¶ 3:72.4, p. 3-28.) It does not empower the court to determine for itself whether the property may, in fact, be rehabilitated in a financially sound manner or even to define what constitutes financial viability for the property. Indeed, on its face, the statute leaves open the possibility that a receiver may be appointed *before* the plan has been developed, meaning that in some cases there will be no financial and construction plan for the court to review at the time of

9

appointment. (§ 17980.7(c)(2); see *id*., subd. (c)(4)(C) [after appointment, receiver has the duty to "secure a cost estimate and construction plan from a licensed contractor for the repairs necessary to correct the conditions cited in the notice of violation"].) We decline to interpret section 17980.7(c) to include an additional requirement for appointment of a receiver that is not apparent on the face of the statute. (See *City of Crescent City v. Reddy*, *supra*, 9 Cal.App.5th at p. 467 [declining to interpret § 17980.7(c) as "requiring a trial court personally to visit real property prior to appointing a receiver" and "requir[ing] the court to make an express finding of danger prior to appointing a receiver"]; Code Civ. Proc., § 1858 [when construing statutes, job of court is to "declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted"].)

Because the trial court applied an improper legal standard to the City's motion for appointment of a receiver by not addressing the two requirements expressly stated in the statute and instead addressing an issue the statute does not empower the court to decide, we conclude the court abused its discretion. (*City of Crescent City v. Reddy*, *supra*, 9 Cal.App.5th at p. 466.) Therefore, we reverse the judgment and remand for the trial court to reconsider the City's motion and determine whether the requirements of section 17980.7(c)(1) and (c)(2) have been satisfied.

III.

DISPOSITION

The judgment is reversed, and the matter is remanded for further proceedings on the City's request for appointment of a receiver.  The City shall recover its costs on appeal.

McKINSTER
Acting P. J.

We concur:


CODRINGTON
J.


SLOUGH
J.

11

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

**ORDER**

| | |
|---|---|
| CITY OF DESERT HOT SPRINGS, <br>    Plaintiff and Appellant, <br>v. <br>IRENE VALENTI et al., <br>    Defendants and Respondents. | E071694 <br><br> (Super.Ct.No. PSC1802698) <br><br> ORDER CERTIFYING <br> OPINION FOR PUBLICATION |

The court has reviewed a request filed December 16, 2019, to publish the nonpublished opinion filed in the above matter December 13, 2019.  The request is GRANTED.  The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c)(4), (6), and (7).

IT IS SO ORDERED that said opinion be certified for partial publication pursuant to California Rules of Court, rule 8.1105(b).

McKINSTER
                  Acting P. J.

We concur:

CODRINGTON
        J.

SLOUGH
        J.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.A.