Filed 10/18/24  Lesser v. Vaya Telecom CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| TODD LESSER,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>VAYA TELECOM, INC.,<br><br>Defendant;<br><br>PAMELA A. PHILLIPS,<br><br>Claimant and Respondent. | D082332<br><br><br>(Super. Ct. No. 37-2011-00083845-CU-BC-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Law Offices of Michael H. Weiner and Michael H. Weiner for Plaintiff and Appellant.

Epps & Coulson, Dawn M. Coulson and Gabriel M. Courey for Claimant and Respondent.

Eight years after the original judgment, the trial court granted judgment creditor Pamela A. Phillips' motion to appoint a receiver.  During that time, the total amount owed nearly tripled in size from steadily growing

interest, costs of enforcement, and sanctions, and judgment debtor Todd Lessor avoided a debtor examination for over three years. Lesser appeals, arguing (1) the underlying amended judgment is "void on its face," rendering the receivership invalid, and (2) substantial evidence did not support the order appointing the receiver. But Lesser has not met his burden to prove voidness based on the judgment roll. And the evidence of Lesser frustrating collection efforts supported the trial court's decision. We thus affirm.

I.

This case started with a lawsuit filed in 2011 by a company owned and led by Lesser. (*North County Communications Corporation v. Vaya Telecom, Inc.* (Dec. 8, 2015, D066629) [nonpub. opn.].) By 2015, the trial court had entered sanctions and judgment against Lesser's company totaling $597,474.38. The court later amended the judgment to add alter egos, including Lesser, as judgment debtors. Those actions generated four appeals. We affirmed three, and Lesser and the other judgment debtors abandoned the fourth. (*Ibid.*; *North County Communications Corporation v. Vaya Telecom, Inc.* (July 26, 2016, D068170) [nonpub. opn.]; *North County Communications Corporation of California v. Vaya Telecom, Inc.* (Nov. 30, 2016, D069954) [nonpub. opn.].)

When the trial court entered a third amended judgment in 2022 to add the "costs of enforcing judgment," the total amount owed had ballooned to $1,788,279.14. Phillips finally asked the court to appoint a receiver because the judgment debtors had "never paid any amount towards the satisfaction of the judgment" and Lesser had "thwart[ed]" Phillips' collection efforts. The trial court granted Phillip's motion, prompting the fifth appeal in this matter.

2

## II.

We first address Phillips' motion to augment the record. She seeks to add twenty-three documents from the trial court record postdating the appealed-from order. Neither of her reasons convinces us the record warrants augmenting.

First, Phillips contends the post-order documents show Lesser's continued efforts to evade collection and thus support the receivership. Appellate courts, however, review the correctness of a judgment or an order at the time of entry. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) We "should not consider postjudgment evidence going to the merits of an appeal." (*In re Josiah Z.* (2005) 36 Cal.4th 664, 676.) As a result, any post-order efforts to frustrate collection are not relevant here.

Second, Phillips asserts the "main object of this appeal is to prevent a sale by the receiver of [Lesser's] real property," so a recent order authorizing its sale "rendered this appeal moot." But, as Lesser notes, this appeal is not so narrow. The order appointing a receiver permits the receiver to take possession of assets beyond the real property, and the property's sale alone does not discharge the receiver. Thus, putting aside whether a motion to augment is the proper vehicle to raise mootness, we need not evaluate the recent sale order because it does not render this appeal moot.

We therefore deny Phillips' motion to augment.

## III.

That brings us to the order appointing a receiver.

### A.

On the merits, Lesser first attacks the receivership by arguing the operative third amended judgment the receivership seeks to satisfy is predicated on a void first amended judgment. We disagree.

3

When the trial court granted the request to add third parties, including Lesser, as judgment debtors for (1) the original judgment following a bench trial and (2) discovery sanctions, the first amended judgment listed the total amount "awarded in the two prior judgments" as one sum.

Lesser declares the first amended judgment is "void on its face" because "it rested on the Motion to Amend," which gave the judgment debtors "no notice" the original judgment and sanctions order "could be combined." Without explaining how this action harmed the judgment debtors, Lesser concludes the receiver order is void, as Phillips "lacks the standing" to enforce a judgment dependent on a void amended judgment.

To prove a judgment is void on its face, "the party challenging the judgment is limited to the judgment roll, i.e., no extrinsic evidence is allowed." (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327.) Lesser's challenge, however, relies on extrinsic evidence outside the judgment roll: the motion to amend. (Code Civ. Proc., § 670.) Because Lesser does not prove the amended judgment is void on its

face, we need not consider the consequence of Phillips' failure to address this argument.[1]

## B.

Finally, Lesser contends the trial court abused its discretion because substantial evidence did not support its decision to appoint a receiver. We disagree.

## 1.

Code of Civil Procedure section 564 empowers a trial court to appoint a receiver in twelve situations. (§ 564, subd. (b).) The court here found a receiver "necessary" under two of them: "[a]fter judgment, to carry the judgment into effect," and "[i]n all other cases where necessary to preserve the property or rights of any party." (§ 564(b)(3) & (b)(9).) Because the trial court did not appoint a receiver under section 564(b)(1) and Lesser did not provide any authority to support his claim the court was required to consider it, we need not address Lesser's arguments based on that subsection.

We review the decision to appoint a receiver for abuse of discretion. (*City and County of San Francisco v. Daley* (1993) 16 Cal.App.4th 734, 744.)

---

[1]    While most of Lesser's reply brief is titled "RESPONDENT HAS FORFEITED MANY OF APPELLANT'S ARGUMENTS," this is the only argument Lesser specifically contends Phillips forfeited. We therefore do not consider forfeiture of the other topics. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.) Besides, the lone legal authority Lesser cites addresses when an appellant—not a respondent, like Phillips—abandons a claim of error on appeal by failing to brief it. (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177.) Although Lesser uses an ellipsis to make the quoted forfeiture rule apply to respondents, the case expressly rejected this very idea. (*Id.* at p. 1178, fn. 3 ["We reject any such application of the forfeiture rule" based on a respondent's failure to address arguments in appellate briefing.].) We caution parties and counsel to be mindful about the authorities they cite and how they characterize case holdings to the court.

Because the trial court's discretion is "so broad," we will not interfere unless it "clearly appear[s]" the appointment was "an arbitrary exercise of power." (*Maggiora v. Palo Alto Inn, Inc.* (1967) 249 Cal.App.2d 706, 711.)

Here, Lesser claims the trial court abused its discretion by not supporting its conclusions with substantial evidence. When evaluating factual issues for substantial evidence, we do not reweigh the evidence. (*City of Crescent City v. Reddy* (2017) 9 Cal.App.5th 458, 466.) Instead, we view the evidence in the light most favorable to the trial court and indulge every reasonable inference and resolve all conflicts in its favor. (*Ibid.*)

2.

Before evaluating the evidence supporting the receiver order, we must address Lesser's challenges to the scope of evidence.

First, Lesser contends Phillips "should be prohibited from referencing" facts related to her efforts to enforce the judgment that she "deliberately omitted . . . from her moving papers before the trial court." Lesser offers no reasoned argument or citation to authority on this point, so we deem it waived. (*Badie*, 67 Cal.App.4th at pp. 784-785.) Besides, he is incorrect. Phillips asked the trial court to appoint a receiver based on "the records and file" in the case—thus incorporating record documents like those cited in her appellate brief. And in its order, the trial court noted it was "familiar with this old case" and Phillips' "efforts . . . to collect from Lesser." We therefore find it appropriate to consider the documents Phillips cites, which are contained in the appellate record.

Second, Lesser argues the trial court's failure to rule on his evidentiary objections to the two attorney declarations supporting Phillips' receiver motion "render[ed]" the receiver order "not supported by substantial evidence." Lesser appears to assume, without argument or authority, that

6

this failure to rule makes the evidence inadmissible. Yet when a trial court does not rule on evidentiary objections on a motion for summary judgment, "this court presumes it overruled them and considered the disputed evidence in ruling on the motions." (*Taylor v. Financial Casualty & Surety, Inc.* (2021) 67 Cal.App.5th 966, 980.) We presume the same here because the trial court stated the attorney declarations supported Phillips' motion, thus impliedly overruling the objections. In the summary judgment context, moreover, "the burden is on the objecting party to renew [on appeal] any relevant objections by arguing the issue with relevant authority and legal analysis." (*Ibid.*) Were we to apply that principle here, Lesser asserts the declarations contain "inadmissible hearsay" and "vague statements" without any analysis or authority, so to the extent Lesser intended to renew his objections, he waived them. (*Badie*, 67 Cal.App.4th at pp. 784-785.)

Consequently, like the trial court, we will consider the declarations and record evidence to the extent necessary for our review.

3.

We conclude substantial evidence supported appointing a receiver here.

A trial court may appoint a receiver if it is "a reasonable method" to satisfy the judgment "considering the interests of both the judgment creditor and the judgment debtor." (Code Civ. Proc., § 708.620.) Appointing a receiver to help collect a money judgment "is reserved for 'exceptional' circumstances," such as "when the judgment debtor has frustrated the judgment creditor's collection efforts." (*Medipro Medical Staffing LLC v. Certified Nursing Registry, Inc.* (2021) 60 Cal.App.5th 622, 628.) Although a trial court must consider other remedies, their availability "does not, in and of itself, preclude the use of a receivership." (*Daley*, 16 Cal.App.4th at p. 745.) Instead, the court should exercise its discretion based on "the facts

7

presented in each particular case." (*Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp.* (1953) 116 Cal.App.2d 869, 873.)

Lesser's arguments hinge largely on his claim that the trial court appointed a receiver "without any evidence that Lessor was circumventing Phillips['] collection efforts."  Not so.  The following example is illustrative: Although the trial court ordered Lesser to undergo a debtor examination in May 2019, Lesser still had not appeared for the examination by the time Phillips sought a receivership three and one-half years later—despite multiple bench warrants.  After the court denied Lesser's ex parte application to continue the original examination, Lesser failed to appear.  The court continued the examination, and Lesser once more failed to appear.  When Lesser yet again failed to appear at a further continued examination, the court issued a warrant.  Despite best efforts, however, a sheriff was unable to serve Lesser with the warrant.  The court thus reissued the warrant, at that point a full year after the original date for the examination.  A month later, it denied Lesser's bid to cancel the warrant.  Later, the court again reissued the warrant and ordered sanctions against Lesser "for failure to appear on at least 4 occasions."  Nearly two years after the original examination date, the court granted Phillips' request to issue an arrest warrant against Lesser "for repeated failure to appear for previously scheduled judgment debtor examinations."  In support of the motion to appoint a receiver, Phillips' attorney attested that still no debtor examination had occurred by the end of 2022.  It is thus reasonable to infer the trial court—the same judicial officer who ordered the debtor examinations and issued the bench warrants—found Lessor's persistent refusal to undergo a debtor examination, among other things, impeded Phillips' efforts to collect the judgment and thus justified appointing a receiver.

Lesser claims his conduct "does not constitute obfuscation" because he has not (1) "used methods such as software that would enable him to 'avoid being identified' and served" or (2) falsified or concealed information relevant to the receivership. But the two cases on which Lesser relies are examples only, and one does not even involve a receivership. (See *Matrixx Initiatives, Inc. v. Doe* (2006) 138 Cal.App.4th 872, 876 [describing conduct by anonymous internet posters in defamation case and related discovery dispute]; *Sachs v. Killeen* (1958) 165 Cal.App.2d 205, 213 [noting it proper to infer appellants falsified information, which supported appointing receiver].) They in no way prevented the court from finding Lesser's conduct impeded Phillips' attempts to satisfy the judgment. This case is instead more like *Daley*, where the appellant's long history of refusing to appear and refusing to follow court orders showed the case was "exceptional," thus "warranting the appointment of a receiver." (*Daley*, 16 Cal.App.4th at p. 744.)

Lesser also argues a receiver is "unnecessary" here (1) "due to the vast array of other remedies"—and other debtors—"available" and (2) because the court allegedly issued the order without balancing the parties' interests. He "urges" us to follow the reasoning in *Medipro*, in which "collection efforts bore fruit" until slowdowns in the debtors' accounts receivable caused the payments to stop. (*Medipro*, 60 Cal.App.5th at pp. 625, 629.) There, the trial court could not reasonably infer the debtors "had engaged in obfuscation" or other defiant conduct when the evidence showed the slowdowns were "due to factors beyond their control." (*Id.* at p. 629.)

Here, in contrast, the court found a receiver necessary based on "the numerous delays and efforts that Lesser has made to avoid the consequences" of the judgment. Indeed, the judgment debtors had not paid *any* of the judgment that had been pending for over eight years by the time Phillips

asked for a receiver. The evidence supports the court's implied finding that Lesser's lack of cooperation with the debtor examination, among other collection efforts, tipped the balance in favor of appointing a receiver. The availability of other potential debtors does not make that decision erroneous. (*Daley*, 16 Cal.App.4th at p. 745.) Thus, viewing the evidence favorably to the trial court and drawing all reasonable inferences in its favor, as we must, Lesser has not met his burden to prove the trial court abused its discretion in appointing a receiver.

IV.

We affirm the order appointing the receiver. Phillips is entitled to recover her appellate costs. (Cal. Rules of Court, rule 8.278(a)(1).)


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.