Filed 4/23/26  Cohen v. Chandra Hospitality CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| GLENN COHEN, Plaintiff and Appellant, v. CHANDRA HOSPITALITY, LLC, Defendant and Respondent. | D087166 (Super. Ct. No. CVBL2200106) |

APPEAL from a judgment of the Superior Court of Riverside County, Manuel Bustamente, Judge.  Affirmed.

Saroian Law, Ara Saroian; EAccidents, Tal Hassid; Law Office of Maximilian Lee and Maximilian Lee for Plaintiff and Appellant.

Horvitz & Levy, Scott P. Dixler, Jason Y. Siu; Law Offices of Schneider, Hosmer & Ackert and Darren P. Johnson for Defendant and Respondent.

On a scorching hot summer day in the desert, Glenn Cohen burned his feet walking barefoot on the cement surface around a hotel pool owned by defendant Chandra Hospitality, LLC.  Cohen argues on appeal that the trial court erred in granting defendant's summary judgment motion after determining that the pool deck's allegedly dangerous condition was open and obvious, and that defendant had no actual or constructive notice of the

condition.  Cohen also contends the court abused its discretion in sustaining defendant's objections to one of its expert affidavits.

We conclude Cohen has not shown that the trial court abused its discretion by sustaining defendant's evidentiary objections.  We also conclude that the court did not err in granting summary judgment on the ground that the alleged dangerous condition was open and obvious.  We need not and do not decide whether the court's other ground for granting summary judgment was erroneous.  Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Pool Incident*

In August 2021, Cohen and his family members stayed at a hotel in Blythe, California.  Summer temperatures in Blythe often exceed 100 degrees Fahrenheit, and on the day Cohen and his family went to the hotel pool in the early afternoon, it was around 113 degrees outside.  Cohen wore a swimsuit, tank top, ankle socks, and sneakers to the pool.  After entering the pool area, he removed his shoes and socks, stood and walked around the pool barefoot for some amount of time, and then jumped in the pool.  At some point he exited the pool, walked barefoot about 30 feet into the hotel to use the restroom, and then walked back and got into the pool again.  When Cohen eventually got out of the pool again and walked to where his wife was sitting, his son mentioned to him that "the cement is hot" and he should check his feet.  Cohen sat down to look at the bottoms of his feet, and he saw that his skin "had disintegrated[.]"

Cohen testified in a deposition that he knew it was hot outside that day, but he did not feel that the cement was hot, nor did he "have a sense that the cement around the pool would be hot that day" before he burned his

feet. He said he did not wear shoes to go to the hotel restroom because "there was no need" for him to wear shoes.

B.     *Complaint and Answer*

Cohen sued defendant in August 2022, alleging premises liability and negligence. He asserted that defendant breached its duty to him "by failing to address, alleviate, remove and/or remedy the dangerous condition or activity on [their] premises, and by failing to warn their guests . . . of such dangerous condition." Defendant answered Cohen's complaint with a general denial and asserted several affirmative defenses, including that the alleged condition of the premises was "so open and obvious that [Cohen] should have seen and avoided it in the exercise of ordinary care" and that defendant "had no knowledge, actual or constructive, of any defective or dangerous condition of its premises[.]"

C.     *Defendant's Motion for Summary Judgment*

Defendant moved for summary judgment on two independent grounds: that the hot pool deck was an open and obvious condition, and that defendant had no notice that the hot pool deck was a dangerous condition. In support of its motion, defendant attached pleadings, Cohen's responses to special interrogatories, a declaration from Hilda Birdsong, the hotel's general manager of nine years, and excerpts from Cohen's deposition.

According to Birdsong's declaration, the hotel provides no "special warnings or notices to our customers that it is hot outside," nor does it "provide any special notices or reminders for customers to wear sandals or other appropriate footwear around the pool on hot days." The hotel expects its guests to appreciate the hot weather and take appropriate precautions as it relates to clothing, footwear, hats, hydration, and sunscreen. Before the incident involving Cohen, no one had ever lodged a complaint about the pool

3

deck being excessively hot, nor did any guest ever ask that the hotel modify the deck or take measures to make it cooler. There were no prior reported injuries at the hotel alleged to have been caused by the hot deck.

Cohen opposed the motion, attaching excerpts of Birdsong's deposition, defendant's responses to special interrogatories, and declarations from two safety and liability experts, Enrique Rivera and Brad Avrit.

In his declaration, Avrit opined, among other things, that the pool deck was in "an unsafe condition at the time of [Cohen's] incident" and that defendant "failed to maintain [it] in a reasonably safe condition for pedestrians[.]" Avrit's affidavit stated that defendant "allowed the creation of an unsafe condition" and "failed to maintain the subject incident area in a reasonably safe manner," creating "an unsafe condition" for Cohen.

In another portion of his declaration, Avrit stated it was "not reasonable to expect that each pedestrian will be able to determine the safety of any given walking surface while traversing the area, particularly if they have a physical condition impairing their ability to gauge the temperature of the ground surface, as [Cohen] does." "It is more likely than not," Avrit stated, that Cohen "was unaware that the surface temperature of the concrete pool surround was hot, due to the fact that he had a physical limitation that impaired his sensation of feeling the heat from the ground surface." Although Avrit cited to pages of Cohen's deposition to support that statement, none of those pages are included in the summary judgment record.

Avrit cited the "hierarchy of controls" and various alternative measures he asserted defendant could have or should have taken to mitigate the alleged unsafe condition, before ultimately concluding that defendant's "failure to ensure the subject incident area was in a reasonably safe manner

4

resulted in the subject incident area posing an unreasonable risk of harm to pedestrians" and that "the unsafe condition of the subject walking surface was the cause and/or contributed to [Cohen's] incident."

Safety engineer Enrique Rivera took photographs and heat measurements of the property on a July day when the temperature outside was 108 degrees Fahrenheit. His temperature measurements of the concrete pool deck were as high as 146.7 degrees Fahrenheit.

Defendant objected to portions of Avrit's declaration, asserting that they lacked foundation, were conclusory, constituted improper expert opinions, and were irrelevant.

D.    *Trial Court's Ruling*

After considering the parties' briefs, separate statements of undisputed material facts, and oral argument,[1] the trial court granted defendant's motion for summary judgment. First, the court overruled Cohen's objections to Birdsong's declaration and sustained all of defendant's objections to Avrit's affidavit. The court then found that the risk of walking barefoot on the hot pool deck was open and obvious because "[t]here was nothing concealing the fact that hot ambient temperatures create hot cement on the ground. The evidence shows that [Cohen's] son knew the cement was hot and cautioned his father about it." The court ruled that Cohen provided no legal authority to support his position that the danger had to be "seen" with his eyes and not simply observed, known, or appreciated by his other senses. The court reasoned that Cohen could have observed through his senses that the pool deck would be hot, that there was no evidence of any physical impairment that would prevent him from doing so, and that at any rate, a "reasonable person" standard applies, not a standard which is tailored to the unique

_____

[1]    There is no reporter's transcript from this hearing.

5

needs or impairments of individuals. The court also rejected Cohen's suggestion that he was compelled to walk barefoot to go to the bathroom, finding among other things that he "was not required to keep his shoes far from the steps of the pool such that he was unable to promptly put them on after getting out of the pool."

The trial court also went on to find that Cohen could not establish defendant had actual or constructive notice that a guest might burn his feet at the pool. Although Cohen argued that defendant had notice because Birdsong acknowledged the pool deck gets very hot during the summer, the court ruled that "[t]he notice required to establish premises liability is some notice of the need to take corrective measures or implement a warning. Here, even though it gets hot in Blythe, California during the day in August, the hotel simply had no reason to believe it needed to take corrective measures or warn people about the heat." The court further found that defendant "had no notice that the alleged dangerous condition might cause injury to anyone, and no reason to realize that hot cement involved an unreasonable risk to invitees on its premises" because "[i]t had no reason to believe someone like [Cohen] would ignore the hot cement." The court thus concluded that Cohen could not establish that defendant had the requisite notice of the alleged dangerous condition to create a triable issue of fact on those grounds.

## DISCUSSION

Cohen contends on appeal that the trial court erred in granting defendant's summary judgment motion on both the open-and-obvious and notice grounds. Cohen also argues the court abused its discretion in sustaining defendant's objections to specified portions of Avrit's affidavit. For the reasons discussed below, we conclude Cohen has not shown that the court abused its discretion in sustaining defendant's evidentiary objections,

6

and that the court did not err in ruling that the alleged dangerous condition was open and obvious.  We need not and do not decide the notice issue.

*A.    Governing Law*

We review the trial court's evidentiary rulings in the summary judgment context for abuse of discretion.  (See *De Meo v. Cooley LLP* (2025) 115 Cal.App.5th 17, 28; *Huntsman-West Foundation v. Smith* (2024) 104 Cal.App.5th 1117, 1128.)  We review a grant of summary judgment de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.)

A defendant moving for summary judgment bears the initial burden to show that a cause of action has no merit by establishing that one or more elements of the cause of action cannot be established, or that there is a complete defense to that cause of action.  (*Calemine v. Samuelson* (2009) 171 Cal.App.4th 153, 160.)  Once the defendant meets this burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto, supported by evidence of specific facts and not mere allegations of the pleadings.  (*Ibid.*)  On review, we examine the facts presented to the trial court and determine their effect as a matter of law.  (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)  We review the entire record, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained.  (*Ibid.*)  Evidence presented in opposition to summary judgment is liberally construed, with any doubts about the evidence resolved in favor of the party opposing the motion.  (*Ibid.*)

The law requires that a landowner maintain its land in a reasonably safe condition, but an accident on a landowner's property does not necessarily create premises liability.  (*Nicoletti v. Kest* (2023) 97 Cal.App.5th 140, 145 (*Nicoletti*).)  The elements of a cause of action for premises liability are the

7

same as those for negligence: duty, breach of duty, causation, and damages. (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1207; *Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 446 (*Jacobs*).) "Whether a duty should be imposed on a defendant [in a premises liability action] depends on a variety of policy considerations, known as the *Rowland* factors." (*Jacobs*, at p. 446; see *Rowland v. Christian* (1968) 69 Cal.2d 108, 112–113.) The most important of these considerations or factors is "the foreseeability of injury to another." (*Osborn v. Mission Ready* Mix (1990) 224 Cal.App.3d 104, 122 (*Osborn*); see *Krongos v. Pacific Gas & Electric Co.* (1992) 7 Cal.App.4th 387, 394.) Foreseeability, when analyzed to determine the existence or scope of a duty, is a question of law to be decided by the court. (*Jacobs*, at p. 446.)

Harm resulting from a dangerous condition is typically not considered foreseeable if the dangerous condition is open and obvious. (See *Nicoletti, supra*, 97 Cal.App.5th at p. 145.) Put another way, if a dangerous condition is so obvious that a person could reasonably be expected to perceive it, the condition itself serves as a warning and the landowner generally has no further duty to remedy or warn of the condition. (*Ibid.*) "In that situation, owners and possessors of land are entitled to assume others will 'perceive the obvious' and take action to avoid the dangerous condition." (*Jacobs, supra*, 14 Cal.App.5th at p. 447.)

Courts, however, have also recognized a "necessity exception" to the open and obvious rule. It is foreseeable that even an obvious danger may cause injury "if the practical necessity of encountering the danger, when weighed against the apparent risk involved, is such that under the circumstances, a person might choose to encounter the danger." (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 673.) In circumstances when necessity

requires a person to encounter an obvious danger, the property owner may have a duty to remedy the danger, and the breach of that duty may make the owner liable. (*Martinez v. Chippewa Enterprises, Inc.* (2004) 121 Cal.App.4th 1179, 1184 (*Martinez*); *Osborn, supra*, 224 Cal.App.3d at p. 122.)

B.    *Analysis*

    1.    <u>Objections to Avrit's Declaration</u>

We begin our analysis with Cohen's argument that the trial court abused its discretion in sustaining defendant's objections to Avrit's declaration. It is the appellant's burden on appeal to affirmatively challenge the trial court's evidentiary rulings and demonstrate error. (*Janney v. CSAA Ins. Exchange* (2021) 70 Cal.App.5th 374, 391 (*Janney*).) We conclude Cohen has failed to meet his burden.

Defendant objected to six discrete portions of Avrit's declaration based on lack of foundation, conclusory statements, improper expert opinion, and relevance. For each of these objections, defendant included a paragraph of text explaining the basis for the objections in greater depth. The trial court sustained each of these objections. Although Cohen recites six full paragraphs from Avrit's declaration in his opening brief, he fails to identify which specific portions defendant objected to and he does not address the grounds for each of the objections with specificity. Cohen instead makes blanket assertions that "all of [Avrit's] opinions" are "competent evidence" because they are supported by his experience and safety literature, and "[t]hat is all that is required" for admission.

Cohen has failed to meet his burden of establishing evidentiary error. To prevail on such a claim, the party "must identify the specific objection, provide legal argument explaining why the trial court's ruling was in error, and support that argument with citation to pertinent legal authority." (*City*

9

*of Crescent City v. Reddy* (2017) 9 Cal.App.5th 458, 463.) It is not enough to claim generally that the trial court erred in sustaining the evidentiary objections. (*Janney, supra*, 70 Cal.App.5th at p. 391; see also *Salas v. Department of Transportation* (2011) 198 Cal.App.4th 1058, 1074 [plaintiffs failed to carry burden of demonstrating evidentiary error by "arguing only generalities" regarding the expert's qualifications and factors considered and failing to specify the evidentiary objections or discuss the grounds on which each objection was sustained].) By failing to identify the specific evidentiary objections at issue or individually discuss the grounds on which each objection was sustained, Cohen has failed to demonstrate any abuse of discretion.

Specifically, Cohen has failed to demonstrate any error as to the portions of Avrit's declaration arguably pertaining to the open and obvious nature of the dangerous condition. Defendant objected to statements by Avrit suggesting that Cohen could not perceive the danger because he purportedly had a physical condition impairing his ability to feel the heat of the ground surface. Defendant objected to these statements based on lack of foundation, relevance, and improper expert opinion, asserting that there were "no records or testimony or other evidence to support such a statement," there was "no evidence of such physical impairment," and in any event, "tort law and the duty of care is premised on a reasonable person standard, not a standard set up (by a plaintiff expert) to cater to the unique needs or idiosyncrasies or impairments of every single person."

Cohen has failed to address these objections in his briefing. Not only was Avrit not a medical expert, but there is no foundation in the record for Avrit's opinion regarding Cohen's supposed medical condition. While qualified experts "may offer an opinion relating to a subject that is beyond

10

common experience, . . . the expert opinion may not be based on assumptions of fact that are without evidentiary support or based on factors that are speculative or conjectural, for then the opinion has no evidentiary value and does not assist the trier of fact." (*Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 510.) Moreover, Cohen does not dispute that the open and obvious nature of a condition must be evaluated based on an objective reasonable person standard. An expert declaration that applies an incorrect legal standard is properly excluded as irrelevant. (*Hu v. XPO Logistics, LLC* (2026)117 Cal.App.5th 1197, 1214; see also *Wise v. DLA Piper LLP (US)* (2013) 220 Cal.App.4th 1180, 1192 [expert opinion that assumes incorrect legal theory cannot constitute substantial evidence].) We therefore conclude Cohen has not shown that the court abused its discretion in sustaining defendant's objections to Avrit's declaration.

2.    Open and Obvious Defense

We next consider whether the trial court erred in ruling that the alleged dangerous condition was open and obvious. First, Cohen argues that defendant failed to plead the open-and-obvious affirmative defense with sufficient specificity. We disagree. Cohen misreads authority stating that generally, affirmative defenses must be *specially* pled to argue that the open-and-obvious defense must be pled *with specificity*. (See Code of Civ. Proc., § 431.30, subd. (b) [answer must contain "[a] statement of any new matter constituting a defense"]; *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 239 (*Harris*) [an affirmative defense is a "new matter" which should be pled in answer]; *Department of Finance v. City of Merced* (2019) 33 Cal.App.5th 286, 294 ["new matter" refers to affirmative defenses]; *Advantec Group, Inc. v. Edwin's Plumbing Co., Inc.* (2007) 153 Cal.App.4th 621, 627 [§ 431.30, subd. (b)(2) "provides that an answer must contain '[a] statement

11

of any new matter constituting a defense,' in other words, an affirmative defense"].) Cohen cites no legal authority to support that an open-and-obvious defense must be pled with heightened specificity.

Moreover, the primary function of a pleading is to give the other party notice so that it can prepare its case, and a defect in a pleading that otherwise properly notifies a party cannot be said to affect substantial rights such that reversal is necessary. (See *Harris, supra*, 56 Cal.4th at p. 240.) Here, defendant's answer clearly stated as its "Seventh Affirmative Defense" that "[i]f Plaintiff sustained any injury or damage due to an allegedly dangerous condition of the subject premises, which Defendant denies, then, on information and belief, Defendant asserts that the alleged condition of the subject premises was so open and obvious that Plaintiff should have seen and avoided it in the exercise of ordinary care for his own health and safety under the circumstances." No additional detail was necessary.

Second, although Cohen does not meaningfully contest this on appeal, we conclude that the hot pool deck was an open and obvious condition that a person could reasonably be expected to perceive. (See *Nicoletti, supra*, 97 Cal.App.5th at p. 145.) Regardless of whether Cohen himself could feel the deck's heat, whether a danger is open and obvious is determined using an objective standard which asks whether the danger "would have been obvious and apparent to any reasonably observant person[.]" (*Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1470.) In other words, a landowner is entitled to assume that an invitee "will perceive that which should be obvious to him in the ordinary use of his senses." (*Danieley v. Goldmine Ski Assocs.* (1990) 218 Cal.App.3d 111, 121.) The parties do not dispute that the incident occurred on a hot summer day in the desert with temperatures around 113 degrees Fahrenheit. A reasonably observant

person could perceive that on a day that hot, uncovered outside concrete surfaces, including the exposed pool deck, would also be very hot and could cause burns. Cohen acknowledged in his deposition that he knew it was hot outside that day, and his son apparently perceived the pool deck was hot. Moreover, Cohen did not dispute the following statement in defendant's separate statement of material facts: "The hotel does not provide any specific warnings to hotel guests that it is hot outside or the pool deck is hot as *guests typically appreciate the heat on their own*." (Italics added.) In these circumstances, we conclude defendant had no duty to warn of the risk of burning from the hot pool deck given its obvious nature.

Cases in other jurisdictions involving similar facts support our conclusion. In *Foster v. Royal Caribbean Cruises Ltd.* (S.D. Fla., Nov. 20, 2025, No. 24-cv-21736) 2025 WL 3240049, at *3-*4, a federal court in Florida observed that courts in its district have generally held that cruise operators have no duty to warn of dangerously hot pool decks because the condition is open and obvious. The court explained that "it would be obvious to a reasonable passenger, 'by the ordinary use of one's senses,' [citation], that an 'extraordinarily hot' pool deck might tend to burn one's feet[.]" (*Id.* at p. *4.) The court further observed that the plaintiff's subjective belief about whether the hot pool deck was safe was irrelevant because whether a danger is open and obvious is determined from an objective, not subjective, point of view. (*Ibid.*) We conclude that the same reasoning applies here.

Lastly, having concluded the dangerous condition was open and obvious, we determine whether the "necessity exception" applies. As noted, if necessity requires a person to encounter an obvious danger, then the property owner may still be liable for failure to remedy it despite the danger's obviousness. (*Martinez, supra*, 121 Cal.App.4th at p. 1184; *Osborn, supra*,

13

224 Cal.App.3d at p. 122.)  Courts have found this exception applies in circumstances when, for example, a slippery portion of pavement "appears to have provided a principal if not sole access way from the street to defendant's building, which housed a government office serving the public." (*Martinez*, at p. 1185.)  Another court reversed a grant of summary judgment in a case where the plaintiff slipped and fell on stairs that lacked a handrail because "it is foreseeable that occupants and visitors would, by necessity, use the stairs to access the lone bathroom."  (*Kaney v. Custance* (2022) 74 Cal.App.5th 201, 215 (*Kaney*).)

In contrast, courts have declined to apply the necessity exception in cases where, for example, a plaintiff fell off an unsteady partial extension ladder when more stable ladders were available for him to use instead. (*Johnson v. The Raytheon Co.* (2019) 33 Cal.App.5th 617, 632 (*Johnson*).)  In *Nicoletti, supra*, 97 Cal.App.5th at page 147, the court found that a plaintiff who slipped and fell on wet concrete while entering a driveway at her apartment complex could not succeed in her necessity exception argument because she could have entered the building using another entrance.

We conclude that this case is more similar to *Johnson* and *Nicoletti* than *Kaney* and *Martinez*.  The record does not show it was necessary for Cohen to walk to the bathroom in the hotel without shoes on, nor does the record show it was necessary for him to stand or walk around the pool barefoot before getting in.  The only reason Cohen gave for not putting on his shoes was that he believed "there was no need" for him to wear shoes.  This is not a situation in which the evidence shows, for example, that shoes were prohibited from certain parts of the pool deck, or that the hotel required that footwear be stowed in a location far away from the pool.  Cohen does not dispute that he could have put his shoes on.  Accordingly, we determine that

14

Cohen has failed to demonstrate a triable issue of fact on the applicability of the necessity exception.

Cohen argues that to the extent he bears some fault for walking barefoot on the pool deck, "that is an issue of comparative fault rather than a matter that provides a complete affirmative defense." But the same could be said of any case in which the plaintiff confronts a dangerous condition despite its open and obvious nature. By this reasoning, the open and obvious nature of a dangerous condition would never supply a defense. Yet California courts have continued to apply this doctrine for over fifty years since the California Supreme Court adopted the doctrine of comparative negligence in *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804. The only case Cohen cites in support of his contention is *Donohue v. San Francisco Housing Authority* (1993) 16 Cal.App.4th 658, which appears in Cohen's reply brief. But *Donohue* involved the assumption of the risk doctrine, which is not at issue here. Moreover, *Donohue* explicitly acknowledged the necessity exception by citing *Osborn* for the proposition that "while a readily apparent danger may relieve the property owner of a duty to *warn*, it no longer necessarily absolves him of a duty to *remedy* that condition." (*Id.* at p. 665.) As we have concluded, Cohen failed to establish a triable issue of fact on the applicability of this necessity exception. Thus, *Donohue* does not assist Cohen's argument.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

KELETY, J.

15